**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 12-07-GF-BMM-JTJ |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| VINCENT MATTHEW FORTIN, | |
| Defendant. | |

## I.  Synopsis

Defendant Vincent Matthew Fortin (Fortin) has been accused of violating the conditions of his supervised release.  Fortin admitted the alleged violations.  Fortin's supervised release should be revoked.  Fortin should serve a term of custody of one day, deemed satisfied by his participation in the booking process with the United States Marshals Service on January 10, 2019.  This term of custody should be followed by supervised release until July 20, 2019.

## II.  Status

Fortin pleaded guilty to Domestic Abuse by a Habitual Offender on March 1, 2012.  (Doc. 23).  The Court sentenced Fortin to 41 months of custody, followed by 3 years of supervised release.  (Doc. 33).  Fortin's current term of supervised release began on January 20, 2016.  (Doc. 38 at 1).

**Petition**

The United States Probation Office filed a Petition on December 12, 2018, requesting that the Court revoke Fortin's supervised release.  (Doc. 38).  The Petition alleges that Fortin violated the conditions of his supervised release: 1) by failing to participate in a mental health treatment program; and 2) by failing to report to his probation officer as directed.  (Doc. 38 at 1-2).

**Initial appearance**

Fortin appeared before the undersigned for his initial appearance on January 10, 2019.  Fortin was represented by counsel.  Fortin stated that he had read the petition and that he understood the allegations.  Fortin waived his right to a preliminary hearing.  The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on January 10, 2019.  Fortin admitted that he had violated the conditions of his supervised release: 1) by failing

to participate in a mental health treatment program; and 2) by failing to report to his probation officer as directed.  The violations are serious and warrant revocation of Fortin's supervised release.

Fortin's violation is a Grade C violation.  Fortin's criminal history category is II.  Fortin's underlying offense is a Class D felony.  Fortin could be incarcerated for up to 24 months.  He could be ordered to remain on supervised release for up to 36 months, less any custody time imposed.  The United States Sentencing Guidelines call for a term of custody of 4 to 10 months.

### III.   Analysis

Fortin's current term of supervised release should be revoked.  Fortin should serve a term of custody of one day, deemed satisfied by his participation in the booking process with the United States Marshals Service on January 10, 2019. This term of custody should be followed by supervised release until July 20, 2019. The conditions of supervised release imposed previously should be continued. This sentence is sufficient but not greater than necessary.

### IV.   Conclusion

The Court informed Fortin that the above sentence would be recommended to Judge Morris.  The Court also informed Fortin of his right to object to these Findings and Recommendations within 14 days of their issuance.  The Court

explained to Fortin that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.  Fortin stated that he wished to waive his right to object to these Findings and Recommendations.

The Court **FINDS:**

That Vincent Matthew Fortin has violated the conditions of his supervised release by failing to participate in a mental health treatment program, and by failing to report to his probation officer as directed.

The Court **RECOMMENDS:**

That the District Court revoke Fortin's current term of supervised release and require Fortin to serve a term of custody of one day, deemed satisfied by his participation in the booking process with the United States Marshals Service on January 10, 2019.  This term of custody should be followed by supervised release until July 20, 2019.  The supervised release conditions imposed previously should be continued.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to

appear and allocute before a district judge.

DATED this 15th day of January, 2019.


John Johnston
United States Magistrate Judge